## GEORGIA CREOSOTING COMPANY *v.* MOODY *et al.*

No. 7285. October 18, 1929.

*R. D. Meader,* for plaintiff in error. *J. P. Highsmith,* contra.

HILL, J. Isaac and Jake Moody brought a petition against the Georgia Creosoting Company, Mrs. Eliza Moody, Ledley A. Johnson, Bob Cumming, and G. D. Snider, praying that the defendant company, its servants, agents, and employees be enjoined from cutting timber as complained of in the petition; that the lease from Mrs. Eliza Moody to Ledley A. Johnson, assigned to plaintiffs, be so reformed as to correctly describe and designate the timber and the land upon which it is located, intended thereby to be conveyed; that upon the trial of the case the plaintiffs have judgment against the defendant company and its employees for such damages as they may appear to have sustained; and for general relief. On the trial

of the case the jury returned the following verdict: "We, the jury, find verdict in favor of plaintiff and for $200 damage." A judgment was entered upon the verdict, "that the plaintiffs have and recover of and from the defendants, Georgia Creosoting Company, Bob Cumming, and G. D. Snider, the sum of $200 as damages, and interest at 7% after this date, the sum of $.... cost of this proceeding; and that the lease in question be reformed as prayed, and the defendant finally enjoined from doing the acts complained of." There was no exception to this judgment. In pursuance of the foregoing judgment an execution was issued against the Georgia Creosoting Company, Bob Cumming, and G. D. Snider, for the sum of $200, besides costs, etc. This execution was levied upon one automobile as the property of the Georgia Creosoting Company. That company filed an affidavit of illegality on the grounds, "that at the time that the petition on which said judgment was rendered was filed, and at the time that service thereof was made on said Georgia Creosoting Co., on Bob Cumming, on said G. D. Snider, and on the other defendants named therein, to wit, Mrs. Eliza Moody and Ledley A. Johnson, said Georgia Creosoting Co. did not have an office or place of business or an agent in said Appling County, was not a resident of said county, was not domiciled in said county; that neither said Bob Cumming nor said G. D. Snider were residents of or domiciled in said county; and that neither the said Bob Cumming nor the said G. D. Snider nor the other defendants named in said petition, to wit, Mrs. Eliza Moody and said Ledley A. Johnson, were necessary or proper parties to said suit or petition; that said Georgia Creosoting Co. entered no [answer], nor did it make or file any pleadings to said petition in said superior court of Appling County; that said superior court had no jurisdiction in said case, or of said petition, of or against said Georgia Creosoting Co., either to hear said case or to render judgment against it, but such jurisdiction was at all times vested in the superior court of Glynn County, Georgia; and that said judgment is null and void, so far as said Georgia Creosoting Co. is concerned, because of said lack of jurisdiction; and said execution is proceeding illegally because said judgment is null and void, and said execution is null and void because said judgment is null and void." The court on motion dismissed the affidavit of illegality, and the Georgia Creosoting Company excepted.

324

From the foregoing it appears that the case is not one within the jurisdiction of the Supreme Court, but is within the jurisdiction of the Court of Appeals. It is therefore transferred to that court for hearing and determination. *All the Justices concur.*